**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BILLY J. PORTER, JR.,
              Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
              Agency.

DOCKET NUMBER
DA-1221-18-0172-W-1

DATE: March 14, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Billy J. Porter, Jr.</u>, Cibolo, Texas, pro se.

<u>Alyssa W. Silberman</u>, Esquire, Jackson, Mississippi, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the administrative judge's analysis of the factors under *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), we AFFIRM the initial decision.

## BACKGROUND

The appellant's second-level supervisor suspended the appellant, a Supervisory Contract Specialist, for 14 days based on his determination that the appellant had violated the agency's privacy policy when he accessed data that contained his first-level supervisor's Personally Identifiable Information (PII), including her name, partial social security number, and time/attendance data, and sent an unencrypted email with this data to agency officials, his attorney, and a member of Congress. Initial Appeal File (IAF), Tab 14 at 4, 10-15. The appellant contended that the information in the attachment disclosed fraudulent behavior by his first-level supervisor concerning agency leave policy. IAF, Tab 12 at 7. The appellant acknowledged that he had obtained this information from the agency's CLEVista K11 time and attendance system. *Id*. He appealed the suspension and the administrative judge dismissed the appeal because the Board lacks jurisdiction over a suspension of 14 days or less and the appellant did not allege that he had filed a complaint or that he had exhausted his remedies

before the Office of Special Counsel (OSC).[2] *Porter v. Department of Veterans Affairs*, MSPB Docket No. DA-3443-17-0497-I-1, Initial Decision (Nov. 13, 2017).

In this IRA appeal, the appellant alleged that he filed a complaint with OSC. IAF, Tab 12 at 5-6. In a January 24, 2018 letter, OSC indicated that it had closed its inquiry into his complaint, in which he had alleged that the agency issued the 14-day suspension in reprisal for filing a union grievance and his email forwarding documents with his first-level supervisor's PII. *Id*. at 7-8. The administrative judge determined that the appellant established jurisdiction over his IRA appeal. IAF, Tab 29, Initial Decision (ID) at 3-4. After holding a hearing, she found that the appellant established by preponderant evidence that he made a protected disclosure that was a contributing factor to a personnel action, by virtue of the knowledge/timing test. ID at 5-10. Nevertheless, she determined that the agency demonstrated by clear and convincing evidence that it would have issued the 14-day suspension in the absence of the appellant's protected activity, and she denied his request for corrective action. ID at 11-18.

In his petition for review, the appellant asserts that the agency violated the Family and Medical Leave Act of 1993 when it denied his request for advanced leave. Petition for Review (PFR) File, Tab 1 at 4. He argues that he was wrongly accused of violating the agency's leave policy, accuses his first-level supervisor of submitting a false leave claim, and asserts that his second-level supervisor was influenced by his first-level supervisor to permit her fraud while "get[ting] after" the appellant. *Id*. The appellant also argues that he was justified in disclosing the time and attendance information at issue to his attorney and congressional representative because it supported his numerous pending equal employment opportunity complaints. *Id*. at 4-5. He challenges the finding that he was not authorized to access the information at issue and reiterates his claim that his

---

[2] The appellant petitioned for review of that initial decision, and the Board denied his petition for review. *Porter v. Department of Veterans Affairs*, MSPB Docket No. DA-3443-17-0497-I-1, Final Order (May 23, 2023).

attorney and congressional representative had a "need to know" the information he transmitted. *Id*. at 5. He includes correspondence with OSC and a response from an agency Freedom of Information Act (FOIA) officer that the appellant claims demonstrates that despite thousands of Privacy Act violations by agency employees between January 1, 2016, and March 30, 2017, no one was suspended. *Id*. at 6, 11-12. The agency has not responded to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge found that the appellant established jurisdiction over his appeal and that he proved by preponderant evidence that he made a protected disclosure that was a contributing factor in his proposed and actual 14-day suspension. ID at 4-8. The parties do not dispute these findings on review, and we discern no reason to disturb them. The appellant's arguments as to the reasons for his disclosures and his assertions that his second-level supervisor was influenced by his first-level supervisor do not, therefore, state a basis for granting review. PFR File, Tab 1 at 4-5; *see Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014) (explaining that an appellant may demonstrate that a disclosure was a contributing factor by proving that the official taking the action had constructive knowledge of the disclosure, even if the official lacked actual knowledge).

The agency established by clear and convincing evidence that it would have suspended the appellant in the absence of his protected disclosure.

In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider the following factors: The strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against

employees who are not whistleblowers but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323. The Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs the factors together to determine whether the evidence is clear and convincing as a whole. *E.g.*, *Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 36 (2015), *aff'd per curiam*, 652 F. App'x 971 (Fed. Cir. 2016). Crucial to this analysis, the Board must consider all of the evidence, including that "which fairly detracts from [the] conclusion" that the agency met its burden. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368, 1376 (Fed. Cir. 2012).

*The agency's evidence in support of its decision is strong.*

The first *Carr* factor is the strength of the agency's evidence in support of its decision. *Carr*, 185 F.3d at 1323. The administrative judge carefully described the agency's evidence concerning the appellant's violation of its privacy policy, i.e., sending an unencrypted email with his first-level supervisor's PII, including the last four numbers of her social security number, despite his extensive training and clear understanding of his duty to safeguard such information. ID at 12-15. The appellant had general access to the agency's time and attendance system, and he conceded that he used it to access his supervisor's information, even though he had no supervisory role over her. ID at 12-13 (citing testimony of the appellant). The appellant did not dispute that he disclosed the information cited in the charges, but instead argued that it did not constitute dissemination of PII. ID at 15. We disagree. The information transmitted included part of his first-level supervisor's social security number. The agency's Veterans Health Administration Handbook 1605.1 identifies information that is referenced by an individual name or other "unique identifier" a confidential information that generally may not be disclosed. IAF, Tab 14 at 18, 28-29, 135. Further, the appellant admitted that he was familiar with the agency's privacy training. ID at 12-13. That training, which the administrative judge found that

the appellant understood, specifically indicates that PII includes an individual's name and social security number. IAF, Tab 14 at 29-30; ID at 13. Thus, we agree with the administrative judge that the agency established that the appellant violated its privacy policy. An agency's proof of its charges is a factor weighing in its favor. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 36 (2013).

In his petition for review, the appellant asserts that he sent the documents to his attorney and congressional representative to prove agency wrongdoing. PFR File, Tab 1 at 5. He asserts that those individuals had a "need to know" the information and argues that there are no set rules to make a "need to know" determination. *Id*. However, the agency's privacy rules identify several sources of support to help employees comply with the pertinent regulations, including the agency Privacy Officer and Information Security Officer. IAF, Tab 14 at 36-39. There is no evidence that the appellant sought any such guidance before he transmitted the PII.

The administrative judge recounted the appellant's testimony that he had general access to the agency's time and attendance system in his role as a supervisor. ID at 12-13. However, the appellant acknowledged that approving his supervisor's leave requests was not part of his official duties. *Id*. Thus, we agree with the administrative judge that the appellant lacked any official reason to access the time and attendance data he sent in the unencrypted email. ID at 15. We also agree with the administrative judge that it was unnecessary for the appellant to access and disseminate his supervisor's information to further his allegations because any individual charged with investigating them would have legitimate access to the information. ID at 16-17. Therefore, the appellant could have raised his concerns without violating privacy rules. Thus, we disagree with the appellant's assertion that it was necessary for him to access and disseminate the PII. PFR File, Tab 1 at 5. The agency's evidence in support of its decision to

suspend the appellant for 14 days is therefore strong, especially considering the appellant's lack of any legitimate justification for his actions.

*The agency officials involved had little motivation to retaliate.*

The administrative judge found that the appellant's second-level supervisor suspended the appellant because of his violation of the agency's privacy policy, described above. ID at 17. She found that he had no apparent retaliatory motive, citing his inquiry to the agency's Privacy Officer, who determined that the appellant had violated agency policy. ID at 13-14, 17. On review, the appellant alleges that the deciding official overlooked his first-level supervisor's leave fraud because they were working together to harass him, but he offers no support for his assertion. PFR File, Tab 1 at 4.

To the extent that the administrative judge found no evidence of retaliatory motive by the appellant's second-level supervisor, we modify that finding. "Those responsible for the agency's performance overall may be motivated to retaliate even if they are not directly implicated in the disclosures, as the criticism reflects on them in their capacity as managers and employees." *Whitmore*, 680 F.3d at 1370. Such criticism is sufficient to establish a substantial retaliatory motive. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 33 (2013). In this case, the appellant's disclosures concerned functions, i.e., time and attendance, over which his second-level supervisor had control. Thus, he may have had some retaliatory motive.

In the grievance concerning his proposed suspension, the appellant wrote that he sent the email containing PII because another agency official had "questioned my integrity on following the leave policy." IAF, Tab 10 at 51. According to the appellant, the official accused him of improperly requesting back-dated leave. *Id*. He claimed that he had followed correct leave policy and submitted his leave in advance, but argued that his supervisor, who was responsible for approving his leave, had submitted a leave request after she had already taken it. *Id*. Nonetheless, the appellant failed to offer any evidence that

his supervisor's leave use was improper. At most, the data he provided demonstrated that the supervisor requested leave in advance of attending a funeral, but submitted formal leave requests after a dental appointment and to check on her daughter who may have been bitten at school. IAF, Tab 14 at 252. Absent specific evidence of wrongdoing, we assume any delay in requesting leave was because the need for leave was unanticipated. We agree with the administrative judge that the second-level supervisor's credible denial of retaliatory motive and request for guidance indicates that any retaliatory motive was not strong. ID at 14, 17; *see Runstrom v. Department of Veterans Affairs*, 123 M.S.P.R. 169, ¶ 17 (2016) (finding that the fact that an employee was accused of wrongdoing did not reflect negatively on his supervisor when agency officials looked into the appellant's allegations and, within a few days of the appellant's disclosure, found no wrongdoing). The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant offers no such reasons on review.

Thus, the appellant offers no concrete reason to discount the administrative judge's finding that the second-level supervisor's motivation in disciplining the appellant was his violation of agency policy and not his disclosure. The official was not the subject of the appellant's disclosure, and the record does not show that he would suffer any negative consequences because of it. He had no reason to suppress the appellant's contentions, and we therefore find that the record shows a lack of retaliatory motive.

*The third Carr factor does not indicate reprisal.*

Regarding *Carr* factor 3, the administrative judge found that the appellant failed to present evidence regarding any similarly situated employees who were

not whistleblowers and were treated more favorably. ID at 17. In analyzing the third *Carr* factor, however, the administrative judge appeared to place the burden of proof on the appellant. ID at 17-18. The agency bears the burden of persuasion on the *Carr* factors. *Miller v. Department of Justice*, 842 F.3d 1252, 1267, 1262 (Fed. Cir. 2016). The agency did not present any specific evidence in support of the third *Carr* factor.

Our reviewing court has indicated that "*Carr* does not impose an affirmative burden on the agency to produce evidence with respect to each of the *Carr* factors to weigh them individually in the agency's favor." *Whitmore*, 680 F.3d at 1374. Further, "the absence of any evidence relating to *Carr* factor 3 can effectively remove that factor from the analysis." *Id*. However, our reviewing court has observed that "the Government's failure to produce evidence on this factor 'may be at the agency's peril' considering the Government's advantage in accessing this type of evidence." *Miller*, 842 F.3d at 1262 (quoting *Whitmore*, 680 F.3d at 1374).

On review, the appellant includes email correspondence with OSC dated January 24 and 25, 2018. PFR File, Tab 1 at 6-9. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The record closed at the end of the July 19, 2018 hearing. IAF, Tab 26 at 4-5; 5 C.F.R. § 1201.59(a). The appellant failed to address whether this evidence was unavailable before the close of the record despite his due diligence, so we have not considered it. Moreover, the evidence shows no reason to disturb the administrative judge's findings. PFR File, Tab 1 at 6-9.

The appellant also provides a response he received from the agency on a FOIA request concerning violations of the Privacy Act between January 1, 2016, and March 30, 2017. PFR File, Tab 1 at 11-12. Although the FOIA response is dated after the close of the record, making the material new, we note that the

response indicates that the appellant did not make his request until July 25, 2018, which was also after the record closed, reflecting a lack of diligence on his part. Nevertheless, the FOIA response does not identify any individuals who violated the Privacy Act, much less any who committed the misconduct documented in this action. PFR File, Tab 1 at 11-12. Instead, it reports that the agency made 5,983 offers of Credit Protection Services (CPS) during that time period to persons whose full or partial social security numbers may have been revealed and 305 CPS offers related to the disclosure of individuals' dates of birth. *Id*. The response indicates that the agency had no records regarding the suspension of any personnel who violated the Privacy Act, not that no such discipline was issued. *Id*. Noticeably, the agency did not identify the appellant's suspension, which was issued during this timeframe. IAF, Tab 14 at 4.

Thus, even if we were to consider the appellant's new evidence, it does not establish that the agency treats similarly situated individuals who are not whistleblowers differently. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Moreover, the totality of the agency's evidence in support of the first and second *Carr* factors is strong, and more than make up for any dearth of evidence on the third *Carr* factor. Therefore, to the extent the administrative judge erred in assigning the burden of proof as to *Carr* factors 2 and 3 to the appellant, the error did not prejudice his substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

_____

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.